# United States District Court
## for the Southern District of Georgia
## Brunswick Division



MICHAEL BLAKE TIPPETT,    :        CIVIL ACTION

    Plaintiff,          :

       v.            :

ALLTEL COMMUNICATIONS, INC.,  :

    Defendant.        :        NO. CV205-166

## O R D E R

Plaintiff, Michael Blake Tippett, filed this action against Defendant, Alltel Communications, Inc. ("Alltel"), alleging gender discrimination in violation of Title VII of the Civil Rights Act of 1964, ("Title VII"), as amended, 42 U.S.C. § 2000e et seq. Before the Court is Alltel's motion seeking summary judgment. For the reasons set forth below, Alltel's motion will be **GRANTED**.

### FACTS

Tippett, a twenty-one year old male, was employed by Alltel in Brunswick, Georgia, from May 2003 until his discharge

on February 10, 2005.   Tippett worked as a Sales and Service Representative selling, among other items, pre-paid service plans and airtime minutes.

During Tippett's employment, Alltel used a computer system called "SmartPay" to manage its prepaid accounts.  A glitch in the SmartPay system was discovered whereby customers could obtain, without payment, additional airtime minutes.   This practice, called "flip-flopping," was accomplished by changing the customer from an existing plan to a higher priced rate plan and then immediately changing the customer back to the original, lower priced plan.   Although the SmartPay system would credit the additional charge, it would not remove the credited airtime minutes.

On or about January 18, 2005, an investigation was initiated after Alltel discovered an abnormally high number of rate plan changes in the Brunswick store.   During the investigation, it was determined that Tippett, as well as four other employees, two males, including Brian Peebles who was also discharged, and two females, were flip-flopping accounts.

Each of these employees were subsequently interviewed.   In the course of the interviews, each employee was presented with account summaries for various prepaid customers whose accounts

2

had been flip-flopped by Brunswick employees. Tippett admitted during his interview that one of the customers to whom he had given free minutes was his landlord, and that he knew personally one of the other customers. With the exception of Tippett and Peebles, the employees questioned denied knowing any of the customers personally. It was further determined that Tippett and Peebles had engaged in a significantly higher number of flip-flopping instances than had the other employees, and that both Tippett and Peebles acknowledged that flip-flopping would give customers free airtime minutes. Based on this information, Tippett and Peebles were terminated on February 10, 2005.

## DISCUSSION

### I.   Summary Judgment Standard

Summary judgment is appropriate when no genuine issues remain and the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56(c); Lordmann Enters., Inc. v. Equicor, Inc., 32 F.3d 1529, 1532 (11th Cir. 1994), cert. denied, 516 U.S. 930, 116 S. Ct. 335, 133 L.Ed.2d 234 (1995). In so doing, all facts and reasonable inferences are to be construed in favor of the non-moving party. See United States

3

AO 72A
(Rev. 8/82)

v. Diebold, Inc., 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L. Ed. 2d 176 (1962); Sweat v. Miller Brewing Co., 708 F.2d 655, 656 (11th Cir. 1983). The party opposed to the summary judgment motion, however, "may not rest upon the mere allegations or denials in its pleadings. Rather, its responses . . . must set forth specific facts showing that there is a genuine issue for trial." Walker v. Darby, 911 F.2d 1573, 1576-77 (11th Cir. 1990).

Summary judgment must be granted if the nonmoving party has failed to make a sufficient showing on an "an essential element of [its] case with respect to which [it] has the burden of proof." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986)). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986)).

4

AO 72A
(Rev. 8/82)

## II. Gender Discrimination

Title VII makes it unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). When a plaintiff offers circumstantial evidence to prove a Title VII claim, the Court follows the framework set forth by the United States Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Under this framework, Tippett must first establish a prima facie case of discrimination. The establishment of a prima facie case creates a presumption of discrimination. Alltel must then offer legitimate, nondiscriminatory reasons for the employment decision to rebut the presumption. See id., 411 U.S. at 802-04, 93 S.Ct. at 1824-25. Alltel is only required to produce sufficient evidence to raise a genuine issue of fact as to whether it discriminated against Tippett. See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). If Alltel successfully rebuts the presumption, the burden shifts back to Tippett to discredit the proffered nondiscriminatory reasons by showing

5

AO 72A
(Rev. 8/82)

that they are pretextual.  See McDonnell Douglas, 411 U.S. at 802-04, 93 S.Ct. at 1824-25.  However, at all times, Tippett retains the ultimate burden of persuasion to prove Alltel discriminated against him on the basis of gender.  See St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 511, 113 S.Ct. 2742, 2749, 125 L.Ed.2d 407 (1993).

## A.   Prima Facie Case

### 1.   Disparate Treatment

Under the McDonnell-Douglas framework, a plaintiff may establish a prima facie case of disparate treatment by showing that: (1) he belongs to a protected class; (2) he was subjected to an adverse employment action; (3) his employer treated similarly situated employees outside his classification more favorably; and (4) he was qualified to do the job.  Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1091 (11th Cir. 2004) (citing Holifield v. Reno, 115 F.3d 1555 (11th Cir. 1997)). Alltel concedes that Tippett may satisfy the first, second, and fourth elements.  Thus, the first step in the Court's analysis is to determine whether Tippett has identified any female employee who was similarly situated and treated more favorably than he was treated.

6

(Rev. 8/82)

Tippett has identified two female employees, Chastity Saunders and Erin Clotfelter, whom he contends were "doing the exact same thing and were not fired or reprimanded." (Pl.'s Resp. at 3.) A plaintiff and the employee he identifies as a comparator must be similarly situated "in all relevant respects." Jackson v. BellSouth Telecommuns., 372 F.3d 1250, 1273 (11th Cir. 2004). The comparator must be nearly identical to the plaintiff to prevent courts from second-guessing a reasonable decision by the employer. See Silvera v. Orange County Sch. Bd., 244 F.3d 1253, 1259 (11th Cir.), cert. denied, 534 U.S. 976, 122 S.Ct. 402, 151 L.Ed.2d 305 (2001), reh'g denied, 535 U.S. 1013, 122 S.Ct. 1598, 152 L.Ed.2d 513 (2002). Thus, the plaintiff and comparator's conduct must be similar "in both number and nature." Knight v. Baptist Hosp. of Miami, Inc., 330 F.3d 1313, 1318 (11th Cir. 2003).

Saunders and Clotfelter's conduct was not sufficiently similar to that of Tippett to support Tippett's disparate treatment claim. During its internal investigation of the abnormally high number of rate plan changes in its Brunswick store, Alltel discovered that Tippett, Saunders, Clotfelter, Brian Peebles, and Daniel Herring were all flip-flopping accounts. After interviewing each of these employees, the

7

investigator concluded that the conduct of Saunders, Clotfelter, and Herring differed from that of Tippett and Peebles in that Tippett and Peebles engaged in a substantially higher volume of flip-flopping and admitted to flip-flopping accounts of personal acquaintances. Thus, Tippett has failed to identify any comparator whose conduct was sufficiently similar to his to establish a prima facie case of gender discrimination.

2.   Discriminatory Discharge

A plaintiff may establish a prima facie case of discriminatory discharge by showing that: (1) he was a member of a protected class; (2) he was qualified for the job; (3) he suffered an adverse employment action; and (4) he was replaced by someone outside the protected class. Cuddeback v. Fla. Bd. of Educ., 381 F.3d 1230, 1235 (11th Cir. 2004) (citing Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 142, 120 S.Ct. 2097, 2106, 147 L.Ed.2d 105 (2000)).  As previously indicated, Alltel concedes that Tippett may demonstrate that he belongs to a protected class, was subjected to an adverse employment action, and was qualified to do the job.  Alltel contends that Tippett's discriminatory discharge claim must

8

AO 72A
(Rev. 8/82)

fail, however, because Tippett has offered no evidence demonstrating that he was replaced by a female.   In his response, Tippett offers the name of two females that he contends were hired to replace him.   Thus, Tippett has arguably established a prima facie case of discriminatory discharge. Accordingly, the burden shifts to Alltel to offer a legitimate, nondiscriminatory reason for Tippett's termination.

**B.   Legitimate, Nondiscriminatory Reason For Termination**

The Court concludes that Alltel has offered a legitimate, nondiscriminatory reason for Tippett's termination, thereby rebutting any presumption of discrimination.   Alltel's proffered rationale for its decision to terminate Tippett is that he violated Alltel policy by exhibiting poor judgment and failing to protect company assets when he gave customers, including his personal acquaintances, unauthorized free airtime minutes.   (Tippett Dep. at 77:20-23.)   Tippett does not dispute that he changed, and immediately changed back, the rate plan of approximately 45 different customers.   (Tippett Dep. at 113.)   Nor does he appear to dispute that this practice resulted in customers, including his landlord, obtaining free airtime minutes.   (See id. at 114-15.)   It is Tippett's

9

contention that he did nothing wrong because everyone knew how to flip-flop and, prior to the January 25, 2005, e-mail, company policy permitted such practice. (Tippett Dep. at 98.) As expressed on many occasions, the Court "do[es] not sit as a super-personnel department that reexamines an entity's business decisions . . . Rather, our inquiry is limited to whether the employer gave an honest explanation of its behavior." Cooper v. S. Co., 390 F.3d 695, 730 (11th Cir. 2004), reh'g denied, 143 Fed. Appx. 310 (11th Cir.), cert. denied, 126 S.Ct. 478, 163 L.Ed.2d 363 (2005). The Court concludes that Alltel has met its burden under the second part of the McDonnell-Douglas framework by proffering a legitimate nondiscriminatory reason for Tippett's termination. Thus, the burden shifts back to Tippett to discredit the nondiscriminatory reason.

The question of pretext focuses upon whether the employer's proffered reasons are unworthy of belief. Tippett can prove pretext by presenting sufficient evidence for the Court to determine that a discriminatory reason was more likely to have motivated Alltel or that the explanation given for terminating the employee is not credible. See Mayfield v. Patterson Pump Co., 101 F.3d 1371, 1376 (11th Cir. 1996)

10

(quoting <u>Burdine</u>, 450 U.S. at 256, 101 S.Ct. at 1095).   To prove the latter, Tippett must demonstrate "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence." <u>Combs v. Plantation Patterns</u>, 106 F.3d 1519, 1538 (11th Cir. 1997), <u>cert. denied</u>, 522 U.S. 1045, 118 S.Ct. 685, 139 L.Ed.2d 632 (1998) (quoting <u>Sheridan v. E.I. DuPont de Nemours & Co.</u>, 100 F.3d 1061, 1072 (3d Cir. 1996)).

Tippett has not satisfied his burden by showing that Alltel's reasons are a mere pretext for discrimination.   The federal courts "are not in the business of adjudging whether employment decisions are prudent or fair.   Instead, our sole concern is whether unlawful discriminatory animus motivates a challenged employment decision." <u>Rojas v. Fla.</u>, 285 F.3d 1339, 1342 (11th Cir. 2002) (quoting <u>Damon v. Fleming Supermarkets of Fla., Inc.</u>, 196 F.3d 1354, 1361 (11th Cir. 1999)). Furthermore, an employer is entitled to rely on its good faith belief that the employee has misbehaved in the workplace. <u>E.E.O.C. v. Total System Servs.</u>, 221 F.3d 1171, 1176 (2000), <u>reh'g en banc denied</u>, 240 F.3d 899 (11th Cir. 2001).   Tippett has offered no evidence demonstrating that Alltel's decision

11

to discharge him was motivated by discriminatory animus. Tippett concedes that he has no personal knowledge of any reason why he was discharged other than those proffered by Alltel. (Tippett Dep. at 80.) Instead, Tippett contends that there must be another reason for his termination because he did nothing wrong. (Id.) Furthermore, Tippett concedes that the Alltel investigator's conclusion that he engaged in improper conduct was made in good faith. (Tippett Dep. at 154.) The speculation offered by Tippett is insufficient to discredit the proffered nondiscriminatory reasons for his termination or to create a material issue of fact as to Alltel's actual motives.

## CONCLUSION

The Court has read and considered the positions of all parties to this action. For the reasons set forth above, Alltel's Motion for Summary Judgment (Doc. No. 19) is **GRANTED**.

**SO ORDERED**, this _____7th_____ day of June, 2006.

JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

12